Gary R. Selvin, State Bar No. 112030
Nancy J. Strout, State Bar No. 121096
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:   (510) 874-1811
Facsimile:   (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         nstrout@selvinwraith.com

Attorneys for Plaintiff and Counter-Defendant,
PRAETORIAN INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. COYLE UNITED STATES COURTHOUSE - FRESNO

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY, an Illinois corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>WESTERN MILLING LLC, a California limited liability company,<br><br>             Defendant. | Case No.: 1:15-cv-00557-DAD-EPG<br><br>*For All Purposes Assigned To: Hon. Dale A. Drozd, Courtroom 5, 7th floor – Fresno Discovery Matters: Hon. Magistrate Judge Erica P. Grosjean, Courtroom 10, 6th Floor - Fresno*<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>Complaint Filed:  April 10, 2015<br>Counter-Claim Filed:  December 7, 2015 |
| WESTERN MILLING LLC, a California limited liability company,<br><br>             Counter-Complainant,<br><br>   v.<br><br>PRAETORIAN INSURANCE COMPANY, an Illinois corporation; and DOES 1-25,<br><br>             Counter-Defendant. | |

**Joint Stipulation for Protective Order**

**Case No.: 1:15-cv-00557-DAD-EPG**

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

**2.1   CHALLENGING PARTY**: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2   "CONFIDENTIAL" INFORMATION OR ITEMS**: information (regardless of how generated, stored or maintained) or tangible things reflecting confidential or personal information that counsel or any of the stipulating parties have in good faith designated as "Confidential".

**2.3   COUNSEL**: Outside Counsel and (as well as their support staff).

**2.4   DESIGNATING PARTY**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

**2.5   DISCLOSURE OR DISCOVERY MATERIAL**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.6   EXPERT**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.7   NON-PARTY**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.8    OUTSIDE COUNSEL**: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**2.9    PARTY**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

**2.10    PRODUCING PARTY**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.11    PROFESSIONAL VENDORS**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.12    PROTECTED MATERIAL:** any Disclosure or Discovery Material that is designated as "Confidential".

**2.13    RECEIVING PARTY**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

**3.1**    The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.    DURATION**

**4.1**    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order or arbitrator's order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, then the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

### 5.2    Manner and Timing of Designations

Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated as such before the material is disclosed or produced.

**Designation in Conformity with this Order Requires:**

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pre-trial or trial proceedings, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or

gives the testimony may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Protective Order.  Alternatively, a Party or Non-Party offering or sponsoring the testimony may specify, at the deposition or up to twenty (20) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3    Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material *is* appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1     Timing of Challenges**

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2     Meet and Confer**

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in writing or voice-to-voice dialogue).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    **6.3     Judicial Intervention**

A Challenging Party, after considering the justification offered by the Designating Party, may file and serve a motion consistent with this Protective Order that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

/ / /

5

**Joint Stipulation for Protective Order**

Case No.: 1:15-cv-00557-DAD-EPG

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Judge, the Court, and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

    (g)    the author or recipient of the document or the original source of the information.

**7.3    Filing of "CONFIDENTIAL" Information or Items with the Court**

Documents containing confidential information shall not be filed with the Court absent: (a) consent from the party designating the materials as confidential; or (b) the issuance of a sealing order from the Court addressing such confidential information. If the designating party does not consent, the party seeking to file documents containing confidential information with the Court shall file a motion or an application for an order sealing the document, pursuant to Rule 2.551 of the California Rules of Court.

**8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

    **8.1**    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute an acknowledgment and agreement to be bound by this protective order.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party, who caused the subpoena or order, to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

        3.     make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party.  Alternatively, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

/ / /

---

[2]  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

## 12. MISCELLANEOUS

### 12.1 Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2 Right to Assert Other Objections

By entering in to this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED AND AGREED.**

Dated:  March 23, 2016                                    SELVIN WRAITH HALMAN LLP


By: */s/ Nancy J. Strout - signature attached*
    Gary R. Selvin
    Nancy J. Strout
    Attorneys for Plaintiff and Counter-Defendants
    PRAETORIAN INSURANCE COMPANY

Dated:  March 23, 2016                                    MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: */s/ James P. Wagoner - signature attached*
    James P. Wagoner
    Attorneys for Defendant
    WESTERN MILLING, LLC.

10
**Joint Stipulation for Protective Order**
Case No.: 1:15-cv-00557-DAD-EPG

**Order**

The Court has reviewed the above stipulation (ECF No. 27) and adopts it except that the terms related to judicial intervention outlined in paragraph 6.3 will not be automatic, rather, the Court will determine on a case-by-case basis whether judicial intervention is warranted.  In order to file a motion under this paragraph, counsel must receive permission from the Court following an informal telephone conference.  A party wishing to schedule such a conference should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or as outlined in paragraph 6.2 in an attempt to resolve the dispute independently without Court involvement.

Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review.  Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

Finally, paragraph 7.3 that outlines the procedures for filing confidential information under seal is amended to reflect that the parties shall follow the procedures outlined in this Court's Local Rule 144 rather than Rule 2.551 of the California Rules of Court as currently identified in that paragraph.

IT IS SO ORDERED.

Dated:   **March 31, 2016**                         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE