1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PRAETORIAN INSURANCE CO.,              No.  1:15-cv-00557-DAD-EPG

12                    Plaintiff,

13           v.                              ORDER TO SHOW CAUSE WHY THIS SUIT
                                             SHOULD NOT BE DISMISSED FOR LACK
14    WESTERN MILLING, LLC,                  OF JURISDICTION

15                    Defendant.

16

17    WESTERN MILLING, LLC,

18                    Counter-claimant,

19           v.

20    PRAETORIAN INSURANCE CO.,

21                    Counter-defendant.

22

23           Plaintiff Praetorian filed the complaint in this action on April 10, 2015, alleging

24    jurisdiction based on 28 U.S.C. § 1332, alleging that the parties are purportedly diverse citizens of

25    different states and the amount in controversy exceeds $75,000.  (Doc. No. 1 at ¶¶ 3, 6, 7.)

26    Counter-claimant Western Milling, LLC reaffirmed this basis for jurisdiction in its counter-claim.

27    (Doc. No. 18 at ¶¶ 1–2, 4.)  For the reasons that follow, counter-claimant must provide additional

28

                                                  1

information regarding its citizenship in order for the court to determine it has jurisdiction over this action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Meanwhile, corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

Here, plaintiff alleged in its complaint that it was an Illinois corporation with its principal place of business in New York, New York. (Doc. No. 1 at ¶ 6.) Meanwhile, defendant was alleged to be "a limited liability company organized and existing under the laws of the State of California, with its principal place of business in the County of Tulare, California." (*Id.* at ¶ 7.) Defendant's counterclaim alleged the same basis for jurisdiction, and contained the same allegations of citizenship for purposes of establishing diversity. (Doc. No. 18 at ¶¶ 1–2.) In moving for summary plaintiff has pointed to evidence and stated that it is undisputed that Kevin Kruse is the sole manager of Western Milling, LLC. (Doc. No. 56-2 at 2.) However, it appears that no information or evidence is before the court demonstrating the identity and citizenship of the owners or members of that LLC. As mentioned above, the citizenship of an LLC is premised on its owners' and members' citizenships, not its place of formation and principal place of business, which defines citizenship for corporations. *See Hertz Corp.*, 559 U.S. at 81, 85–86; *Johnson*, 437 F.3d at 899. Accordingly, this record makes it unclear whether the parties are truly diverse and therefore whether this court has subject matter jurisdiction.

Accordingly, defendant and counter-claimant Western Milling, LLC is hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction. Defendant may discharge this order to show cause by indicating the identity and citizenship of each of its owners/members. Defendant is reminded that, if any of its owners or members are themselves non-corporate entities, the identity and citizenship of that entity's owners, members, or partners must be indicated as well. *See Tschakert v. Hart Energy Pub., LLP*, No. 10CV2598-L (WMC), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011) ("Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."); *see also Crescent Silver LLC v. New Jersey Mining Co.*, No. 2:15-cv-00097-REB, 2015 WL 6958059, at *2–3 (D. Idaho Nov. 10, 2015); *Century Surety Co. v. Bruno India Kettner, LLC*, No. 14CV2090 BEN (BLM), 2015 WL 12660420, at *1 (S.D. Cal. July 24, 2015) ("A plaintiff must identify the citizenship of all of the members of an LLC and if any member of an LLC is itself an LLC or other non-corporate entity, a plaintiff must state the citizenship of that member.").

Additionally, the hearing on plaintiff's motion for summary judgment (Doc. No. 56) set for August 15, 2017 is hereby vacated, and will now be rescheduled for September 6, 2017 at 9:30 a.m., to allow time for defendant to respond to this order to show cause.

IT IS SO ORDERED.

Dated:  **August 7, 2017**

_____
UNITED STATES DISTRICT JUDGE