# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAETORIAN INSURANCE CO., <br><br>  Plaintiff, <br><br> v. <br><br> WESTERN MILLING, LLC, <br><br>  Defendant. | No. 1:15-cv-00557-DAD-EPG <br><br> ORDER REGARDING SHOW CAUSE ORDER |
| WESTERN MILLING, LLC, <br><br>  Counter-claimant, <br><br> v. <br><br> PRAETORIAN INSURANCE CO., <br><br>  Counter-defendant. | |

On August 8, 2017, this court issued an order that defendant and counter-claimant show cause why this suit should not be dismissed for lack of jurisdiction, because there was insufficient information before the court to allow it to determine whether the parties were diverse. (Doc. No. 61.) Defendant and counter-claimant Western Milling LLC responded on August 18, 2017, identifying its members and largely establishing their citizenship. (*See* Doc. Nos. 65, 65-1.) However, defendant indicates one of the members of Western Milling LLC is SECAP, a

1

California general partnership, but fails to identify the partners of this entity. (Doc. No. 65-1 at 5.) The citizenship of a general partnership is dictated by the citizenship of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Travelers Indem. Co. of Conn. v. Centex Homes*, No. LA CV 14-00151 JAK (JCGx), 2014 WL 12564109, at *1 (C.D. Cal. Feb. 24, 2014) ("For purposes of determining diversity jurisdiction, a general partnership is a citizen of each state of which any of its general partners is a citizen."). Defendant has not identified the partners of SECAP, and therefore the court cannot determine the citizenship of that entity. Thus, the court still lacks sufficient information to determine whether diversity exists here.[1]

For the above reasons, the previously issued order to show cause (Doc. No. 61) is not discharged. Because defendant attempted to comply, the court will grant defendant an additional **three (3) days** from the date of service of this order to discharge the show cause order by filing documents with the court fully establishing the citizenship of all of its members. Once again, defendant is reminded that, if any of its owners or members are themselves non-corporate entities, the identity and citizenship of that entity's owners, members, or partners must be indicated as well. *See Tschakert v. Hart Energy Pub., LLP*, No. 10CV2598-L (WMC), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011) ("Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."); *see also Carden*, 494 U.S. at 195–96 ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'") (quoting *Chapman v. Barney*, 129 U.S. 677 (1889)). Failure to adequately respond and establish this court's jurisdiction over this suit may result in dismissal. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (noting

/////

/////

---

[1] The court previously advised defendant on this point in its order to show cause. (Doc. No. 61 at 3) ("Defendant is reminded that, if any of its owners or members are themselves non-corporate entities, the identity and citizenship of that entity's owners, members, or partners must be indicated as well.").

2

"district court may 'insist that the jurisdictional facts be established or the case be dismissed'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

IT IS SO ORDERED.

Dated: __**August 22, 2017**__             _____
                                           UNITED STATES DISTRICT JUDGE