1

2

3

4

5

6

7                                IN THE UNITED STATES DISTRICT COURT

8                              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  PRAETORIAN INSURANCE COMPANY, an          CASE NO.: 1:15-cv-00557-DAD-EPG
    Illinois corporation,
11                                            **ORDER REGARDING PLAINTIFF AND**
12              Plaintiff,                    **COUNTER-DEFENDANT PRAETORIAN**
                                              **INSURANCE COMPANY'S REQUEST TO**
13         v.                                 **FILE SUPPLEMENTAL EXPERT REPORT**

14  WESTERN MILLING LLC, a California
    limited liability company,
15
16              Defendant.

17  WESTERN MILLING LLC, a California
    limited liability company,
18
19              Counter-Complainant,

20         v.

21  PRAETORIAN INSURANCE COMPANY, an
    Illinois corporation; and DOES 1-25,
22
23              Counter-Defendants.

24         Plaintiff and Counter-Defendant Praetorian Insurance Company ("Praetorian") has requested

25  permission to designate an expert witness regarding the reasonableness of Praetorian's interpretation

26  of the subject policies.  Praetorian first raised this request in a Joint Status Report on February 14,

27  2018.  (ECF No. 90).  The District Judge referred the matter to the undersigned Magistrate Judge on

28  February 16, 2018.  (ECF No. 91).  The parties held an informal telephonic conference to discuss this

issue, among others, on March 5, 2018. (ECF No. 93) Per the Court's request, the parties submitted supplemental briefing on the issue on March 13, 2018. (ECF No. 95, 96).

Praetorian seeks permission to designate an expert witness regarding the language of the primary and excess policies and the reasonableness of the interpretation of said policies. Praetorian concedes that the deadline for expert reports has come and gone, but argues there is good cause for modification of the scheduling order because "[i]t was not until February 2, 2018, when the Court granted Praetorian's motion [holding that the exclusion in the excess policy applied] that Praetorian could have known that such testimony would be helpful to the jury." (ECF No. 95, at p. 2) Specifically, Praetorian argues that "Praetorian could not have known earlier, when expert reports were originally due last year, that it might need an expert to testify regarding the difference in the language of the primary and excess policies and the reasonableness of the interpretation of said policies in light of the Court's February 2, 2018 Order." (ECF No. 95, at p. 4). It argues that there is no prejudice because "[a]ll that will be added to these proceedings is one deposition, and possibly a second if Western Milling counter-designates an expert of its own." (ECF No. 95, at p. 4).

Defendant, Counter-Complainant Western Milling, LLC ("Western Milling") opposes Praetorian's request. Western Milling argues that Praetorian raised the issue of the reasonableness of its coverage interpretation before it designated experts. For example, Western Milling points to Praetorian's reply in support of an earlier motion for summary judgment where Praetorian argued that "withholding of benefits was 'reasonable,' and there was a 'legitimate dispute' as to Praetorian's liability under the Policy." (ECF No. 62, at p. 18). Western Milling also claims that it will suffer prejudice because it will be forced to prepare a rebuttal expert report as well as a challenge to the admissibility of Praetorian's proposed expert on legal grounds.

The Court issued its scheduling order on May 13, 2016. (ECF No. 35). That order set a date for initial expert witness disclosures for March 31, 2017. (ECF No. 35, at p. 3). The order also stated that the dates "*will not be modified absent a showing of good cause*." (ECF No. 35, at p. 8) (emphasis in original). Pursuant to the parties' requests, and after finding good cause, the Court extended the deadline for the disclosure of expert witnesses to July 28, 2017 (ECF No. 48), then July 28, 2017 (ECF No. 55, at p. 2), and finally August 18, 2017 (ECF No. 59, at p. 2).

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Wong v. Regents of University of California,* 410 F.3d 1052, 1062 (9th Cir. 2005) (applying Rule 37's "substantial justification" test in holding that the district court did not abuse its discretion in refusing to permit additional expert witness after date provided in scheduling order).

After consideration of the parties' positions, the Court denies Praetorian's request to supplement its expert disclosure to designate an expert witness on the issue of the reasonableness of the policies. Praetorian cannot meet either the "good cause" standard provided in the scheduling order, or the "substantial justification" standard set out in Rule 37. The issue of the reasonableness of a policy interpretation is a potential issue in every insurance coverage dispute. Indeed, the case Praetorian cited in its reply brief before expert disclosures, cited above, explains how the issue of bad faith turns under California law turns in part on the reasonableness of the interpretation denying coverage. *See Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1280–1281 (1994) (cited by Praetornian at ECF No. 62, at p. 18) ("The law clearly states that erroneous denial of a claim does not alone support tort liability; instead, tort liability requires that the insurer be found to have withheld benefits unreasonably. The mistaken withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability. The insurer must of course consider the interests of its insured, but it is also entitled to give its own interests consideration.) (internal citations omitted). Praetorian thus knew that the reasonableness of its interpretation could be an issue when expert reports were due under the scheduling order. Put another way, the District Court's recent order on summary judgment did not cause the issue of the reasonableness of Praetorian's interpretation to become an issue.

It is also worth noting that the reasonableness of the policy interpretation, as cited above, refers to the interpretation *at the time of the coverage decision*, not at the time of trial. After all, this factor goes to the issue of whether the coverage provider acted in bad faith at the time it denied coverage. Thus, the District Court's ruling regarding its own interpretation of the policy on summary judgment did not change the subject of any expert report on the reasonableness of a coverage

decision.

The Court also finds that the late disclosure is not harmless. The only outstanding events are a pretrial conference and trial. Now is the time to be preparing for trial—not handling expert disclosures and related depositions. Moreover, Western Milling has indicated it will move to exclude Praetorian's proposed expert on grounds other than timeliness. Such briefing could further delay the trial. Supplementation could also interfere with any settlement efforts to avoid trial as such a report and challenge to it will inject uncertainty into the parties' positions at trial.

For the foregoing reasons, Praetorian's request to file a supplemental expert report is DENIED.

IT IS SO ORDERED.

Dated:   **March 19, 2018**                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE